UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RIVKA REICHMAN,

                            Plaintiff,                        **ORDER**
              -against-                                 CV 16-5151 (AYS)

WHIRLPOOL CORPORATION and
KITCHENAID, INC.,

                            Defendants.
---------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

       This is a product liability case in which Defendant has recently interposed a motion for summary judgment. See Docket Entry herein ("DE") 35. In connection with that motion, Defendant moves separately to have exhibits submitted with Plaintiff's response sealed. Plaintiff opposes the motion to seal. In view of the parties' dispute, this Court entered an order directing that the fully briefed summary judgment motion be provided in hard copy to this Court, but not filed on the public docket, pending a determination of the propriety of Defendant's request to seal. See Electronic Order dated July 11, 2019. The court further directed that Defendant specify those documents that it wished to be sealed, and that the parties brief separately the issue of whether those portions should be sealed in the context of a motion for summary judgment. Id.

       Upon review of the parties' submissions, the Court denies Defendant's motion to seal the documents submitted in opposition to Defendant's motion for summary judgment. If Defendant seeks to nonetheless proceed with its motion, it shall file all parts thereof on the docket herein within two weeks of this Order.

ANALYSIS

I.  A.  <u>Legal Principles</u>

Defendant seeks to shield portions of the Plaintiff's response to summary judgment from the public docket. The Second Circuit has made clear that there is both a common law and First Amendment presumption of a public right of access to such documents. That presumption arises from the public's need to hold Courts accountable, and for the public to have "confidence in the administration of justice". <u>United States v. Amodeo</u>, 71 F.3d 1044, 1048 (2d Cir. 1995). In particular, it has been made clear that there is a qualified right of public access to documents filed in connection with summary judgment motion practice. <u>Lugosch v. Pyramid Co., of Onondaga</u>, 435 F.3d 110, 122 (2d Cir. 2006). This rule includes all documents submitted in connection with a motion, and not only those deemed somehow important to the Court's decision. <u>Lugosch</u>, 435 F.3d at 119. The reason such documents are protected is because summary judgment is an adjudication, and "[a]n adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny". <u>Lugosch</u>, 435 F.3d at 124, quoting, <u>Joy v. North</u>, 692 F.2d 880, 893 (2d Cir. 1982). More particularly, those documents fall into the category of "judicial" documents, <u>i.e.</u>, documents that are "relevant to the performance of the judicial function and useful in the judicial process". <u>United States v. Erie County, New York</u>, 763 F.3d 235, 240 (2d Cir. 2014), quoting <u>Lugosch</u>, 435 F.3d at 119. Documents categorized as "judicial" include not only summary judgment motion papers, but also any other document that is relevant to the judicial process. <u>Bernstein v. Bernstein Litowitz Berger & Grossmann, L.P.</u>, 2016 WL 1071107, at *5 (S.D.N.Y. January 12, 2015). Such documents include compliance reports filed pursuant to settlement decrees and items accessible on the Court's docket. <u>Id.</u> at *5-6.

The common law and First Amendment rights of access to judicial documents are not absolute. Rather, such "documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." Lugosch, 435 F.3d at 124. In the latter context, documents may be sealed only if supported by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim". Lugosch, 435 F.3d at 124, quoting, In re New York Times Co., 828 F.2d at 116. where, as here, a party seeks to seal judicial documents it must be shown that disclosure would result in a "clearly defined and serious injury" to that party's business. Gelb v. AT& T Co., 813 F. Supp. 1022, 1034 (S.D.N.Y. 1993). Even in such cases, courts are extremely reluctant to enter protective orders allowing documents to remain confidential. Id. at 1035. Importantly, judicial documents may "not remain under seal *absent the most compelling reasons*". Lugosch, 435 $.3d at 124. (emphasis in original).

B.  The Motion to Seal is Denied

All of the documents sought to be sealed are documents obtained by Plaintiff during discovery, and are sought to be submitted by Plaintiff in opposition to Defendant's motion. Each document was produced pursuant to a confidentiality order. That order was entered only for purposes of discovery, and documents produced pursuant to that order are subject to seal only until further order of the Court. At this point in the proceedings, the documents are submitted for this Court to consider in connection with the performance of its judicial decision-making function. As such, they fall squarely within the category of judicial documents as to which the rights of access referred to above apply. Given the nature of the documents, the Court turns to consider whether there are any reasons - compelling or otherwise - to seal the documents. There are not.

Defendant argues that disclosure of the documents at issue would harm its business interests. According to Defendant, the documents contain "competitive, proprietary, and/or confidential information that details Whirlpool's business operations and strategies, Whirlpool's internal data storage processes, Whirlpool's internal processes, and/or Whirlpool's product analysis." Defendant claims that such information is not available to the public, and that disclosure thereof would unfairly advantage its business competitors, and do business harm to Defendant. Therefore, it is concluded, that both the public and Defendant share a compelling interest in maintaining the confidentiality of the information sought to be sealed. The Court disagrees.

At the outset it is clear, and Defendant does not argue otherwise, that no document sought to be filed under seal is privileged. Instead, the documents are internal documents that appear to refer to the precise defect that Plaintiff is claiming. Thus, the documents refer to the types of claims made and the design at issue. For example, Plaintiff's Exhibit ("PX") 13 is an email that refers to over 10,000 service calls and discusses "duck bills" freezing up. See also PX 17 (referring to several service calls for "drain/duck bill plugged"; PX 18 (referring to clogging and drain freeze up). Such documents note that in many cases there are claims of damage to floors that occur because of leaks. Also included among the documents sought to be sealed are technical service center updates referring to the defect at issue in this lawsuit. See PX 22-25. These documents may not ultimately be probative of Plaintiff's particular claim, but they were certainly discoverable, are not privileged, and are undoubtedly relevant to the motion for summary judgment. While such documents may be unflattering to Defendant's business, Defendant has not satisfied the burden of showing that the documents are proprietary in nature.

Nor has Defendant satisfied the burden necessary to show that any interest in maintaining secrecy is outweighed by the presumption of access.

Moreover, it is disingenuous for Defendant to argue that the documents are "collateral" to its summary judgment motion and should therefore be shielded from the public view. This argument characterizes Defendant's motion as narrowly focused on whether or not Plaintiff can show a likelihood of harm arising from a water leak, and that the motion is based only upon Plaintiff's undisputed knowledge of a leak. A review of Defendant's motion reveals that it is not so narrowly argued. Instead, the motion for summary judgment argues, in addition to Plaintiff's prior knowledge of a leak, that Plaintiff cannot prove a design defect. An even cursory review of the documents sought to be sealed reveals that they refer mostly to issues of product design and re-design. There is no doubt that these documents are relevant to Plaintiff's lawsuit, and must be considered in the context of Defendant's motion. As such, they are judicial documents, necessary to the court's consideration of the summary judgment motion.

In sum, the documents sought to be filed under seal are judicial documents. Defendant has not made the showing necessary to overcome the presumption of access to such documents. Accordingly, the motion to seal is denied. If Defendant wishes to go forward with the motion for summary judgment, it shall file the entire fully briefed motion on the docket herein within two weeks of the date of this order.

## CONCLUSION

For the foregoing reasons this Court denies Defendant's request that the documents produced during discovery and submitted by Plaintiff in opposition to the motion for summary judgment be submitted under seal. If Defendant desires to proceed with its motion, it shall file the entire motion on the public docket within two weeks of the date of this order.

So Ordered

Dated: Central Islip, New York
November 19, 2019

 /s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge